# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| MICHELLE SANDERS, individually as widow of DERRICK PRICE, deceased; MARLENE PRICE, individually as mother of DERRICK PRICE, deceased; and RALPH (JAY) PRICE, individually as father of DERRICK PRICE, deceased, | MEMORANDUM DECISION AND ORDER |
| Plaintiffs, | |
| v. | Case No. 2:11-cv-595-CW-PMW |
| YELLOW CAB DRIVERS ASSOCIATION, INC. dba YELLOW CAB, a Utah corporation; SARBJIT SINGH, individually; and DOES 1 through 20, | |
| | District Judge Clark Waddoups |
| Defendants. | Magistrate Judge Paul M. Warner |

District Judge Clark Waddoups referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court are Michelle Sanders ("Sanders"), Marlene Price, and Ralph (Jay) Price's (collectively, "Plaintiffs") (1) motion to quash a subpoena duces tecum served on A&H Sign and Tape Co. ("A&H");[2] (2) motion to quash a subpoena duces tecum served on Diggity Dog Resort ("DDR");[3] and (3) motion to quash a subpoena duces

---

[1] *See* docket no. 21.

[2] *See* docket no. 15.

[3] *See* docket no. 17.

tecum served on Rich's Cigar Store ("RCS").[4]  The court has carefully reviewed the written memoranda submitted by the parties.  Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah ("Local Rules"), the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda.  *See* DUCivR 7-1(f).

## RELEVANT BACKGROUND

Sanders is the widow of Derrick Price ("Price"), who was killed as the result of a collision between the scooter he was driving and a taxi.  Among other general, special, and punitive damages, Plaintiffs' claims in this case seek damages on behalf of Sanders for the lost wages and benefits of Price.  Plaintiffs assert that all of their claims for damages arise directly from and are related to the wrongful death of Price.  Plaintiffs also assert that they are making no claims regarding any loss of employment wages or benefits relating specifically to the employment of Sanders.

At the time of Price's death, he and Sanders were not living together.  Price was living in Salt Lake City, Utah, and Sanders was living somewhere in Oregon.  After Price's death, Sanders filed a petition seeking a declaration in state court indicating that she was legally married to Price at the time of his death and, therefore, was an heir for purposes of probate proceedings and bringing a wrongful death lawsuit against Yellow Cab Drivers Association, Inc. dba Yellow Cab

---

[4] *See* docket no. 19.

and Sarbjit Singh (collectively, "Defendants").  That petition was granted.  In the findings of fact

and conclusions of law, the court found:

> In January 2009, only a few months after [Price] and [Sanders]
> were married in 2008, [Price]'s employment transferred him to
> [Salt Lake City, Utah].  [Sanders] accompanied him.  In the rough
> economic climate, [Sanders] was unable to find suitably gainful
> employment in Salt Lake City, which placed some stress on their
> marriage.  [Price] and [Sanders] agreed that [Sanders] would look
> for a job in Oregon and that once she found one, [Price] would join
> her there.  [Sanders] returned to Oregon to commence her job
> search at the end of July 2010, roughly three weeks before [Price]'s
> death.  During this three-week period, [Price] provided financial
> support for [Sanders], [Price] and [Sanders] communicated
> frequently, repeatedly reaffirming their love and commitment to
> one another and their intent to reunite once [Sanders] found a job,
> and continued to hold themselves out to friends and family as
> husband and wife.[5]

Sanders was previously employed by A&H and DDR, but was no longer employed at

either of those entities at the time of Price's death, nor was she subsequently employed at either

of those entities.  Sanders gained employment at RCS after the incident that is the subject of this

case.

On or about December 7, 2011, Defendants served a subpoena duces tecum on each of

A&H, DDR, and RCS.  The three subpoenas at issue ("Subpoenas") seek the exact same

documents from A&H, DDR, and RCS.  Specifically, the Subpoenas request the following

documents and information:

> Complete personnel file, cell phone number, name of cell phone
> provider, cell phone records, names of all superior(s),

---

[5] Docket no. 22, Exhibit 1, ¶18.

> supervisor(s), and/or those who worked directly with the employee,
> notes, correspondence, reports, W-2 forms, governmental
> assistance forms or applications, functional ability evaluations,
> time logs, pay stubs, all payroll records, and all other documents of
> any kind associated with or relating to:  [Sanders].[6]

Defendants sent Sanders a copy of the Subpoenas on the same day Defendants sent the

Subpoenas to A&H, DDR, and RCS.  On December 9, 2011, Plaintiffs filed the three motions to

quash before the court.

## ANALYSIS

As noted above, the three motions to quash before the court seek the exact same

documents from three of Sanders's employers.  Because the arguments and issues raised in each

of the three motions are identical, the court will address the motions together.

All three of the motions before the court relate to discovery.  "The district court has broad

discretion over the control of discovery, and [the Tenth Circuit] will not set aside discovery

rulings absent an abuse of that discretion."  *Sec. & Exch. Comm'n v. Merrill Scott & Assocs.,*

*Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (quotations and citations omitted).  The general scope

of discovery is governed by rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides

that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any

party's claim or defense. . . . Relevant information need not be admissible at the trial if the

discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed.

R. Civ. P. 26(b)(1).  "[T]he scope of discovery under the federal rules is broad and . . . 'discovery

---

[6] Docket no. 16, Exhibit 1; Docket no. 18, Exhibit 1; Docket no. 20, Exhibit 1.

4

is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues.'" *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).  "Although the scope of discovery under the federal rules is broad, however, parties may not engage in a 'fishing expedition' in an attempt to obtain evidence to support their claims or defenses." *Richards v. Convergys Corp.*, No. 2:05-cv-00790-DAK & 2:05-cv-00812-DAK, 2007 U.S. Dist. LEXIS 9131, at *10 (D. Utah Feb. 6, 2007) (quoting *Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1169 (10th Cir. 2000)).

Plaintiffs argue that the Subpoenas should be quashed because they seek information that is confidential and irrelevant.  Plaintiffs also argue that the Subpoenas are overly broad and seek information that is of no probative value whatsoever.

In response, Defendants argue that Plaintiffs' motions should be denied because Plaintiffs failed to satisfy the meet-and-confer requirements of rule 37-1(a) of the Local Rules.  *See* DUCivR 37-1(a).  Defendants also argue that the information sought by the Subpoenas is relevant and discoverable.

The court will first address Defendants' argument concerning the meet-and-confer requirement of the Local Rules.  The court will then turn to Plaintiffs' substantive arguments concerning the Subpoenas.

## I. Meet-and-Confer

Defendants correctly note that there is a meet-and-confer requirement imposed on parties

that must be satisfied before any discovery motion will be heard by the court. *See id*.

Specifically, civil rule 37-1 of the Local Rules provides:

> Unless otherwise ordered, the court will not entertain any discovery
> motion, except those motions brought by a person appearing pro se
> and those brought under Fed. R. Civ. P. 26(c) by a person who is
> not a party, unless counsel for the moving party files with the
> court, at the time of filing the motion, a statement showing that the
> attorney making the motion has made a reasonable effort to reach
> agreement with opposing attorneys on the matters set forth in the
> motion.  Such statement must recite, in addition, the date, time, and
> place of such consultation and the names of all participating parties
> or attorneys.

*Id*.

However, there is also a requirement that a party provide all other parties with notice of a

subpoena directed to a nonparty.  *See* DUCivR 45-1.  Specifically, civil rule 45-1 of the Local

Rules provides:

> The notice of issuance of subpoena with a copy of the proposed
> subpoena that is (i) directed to a nonparty, and (ii) commands
> production of documents and things or inspection of premises
> before trial shall be served on each party as prescribed by Fed. R.
> Civ. P. 45(b)(1).  Service under Fed. R. Civ. P. 5(b)(2)(A) shall be
> made at least five (5) days prior to service of the subpoena on the
> non[]party.  Service on parties under Fed.R. Civ. P. 5(b)(2)(B),(C)
> or (D) shall be made at least eight (8) days prior to service of the
> subpoena on the non[]party.

*Id*.   As noted by Plaintiffs, one obvious purpose of the above-referenced notice periods is to provide parties with an opportunity to conduct a meet-and-confer concerning a subpoena and, if necessary, move to quash that subpoena before it is actually served on the nonparty.

The Subpoenas indicate that Defendants served them via U.S. Mail, which required Defendants to provide Plaintiffs with at least eight days' notice prior to serving the Subpoenas on A&H, DDR, and RCS.  Instead, Defendants sent the Subpoenas to Plaintiffs on the same day they were sent to A&H, DDR, and RCS.

In the court's view, when Defendants failed to provide Plaintiffs with the requisite notice of the Subpoenas before serving them on A&H, DDR, and RCS, Defendants effectively excused Plaintiffs from satisfying the meet-and-confer requirement.  As Plaintiffs have noted, had they not filed their motions to quash, the potential existed that A&H, DDR, and/or RCS would produce documents responsive to the Subpoenas.  For these reasons, the court declines to decide Plaintiffs' motions to quash on the grounds of any failure to comply with the Local Rules.

## II. Substantive Arguments

As noted above, Plaintiffs argue that the Subpoenas should be quashed because they seek information that is confidential and irrelevant.  Plaintiffs also argue that the Subpoenas are overly broad and seek information that is of no probative value whatsoever.

Defendants respond by arguing that the Subpoenas seek information that is relevant and discoverable.  More specifically, Defendants argue that they

> believe whether [Sanders] had obtained 'meaningful' or 'suitable'
> employment here in Salt Lake City, or whether she left Salt Lake
> for a purpose other than employment, is relevant to her claim that

7

she relied on Price's income now and in the future, or whether it
was Sanders'[s] intent to reunite with Price.[7]

After carefully considering the parties' arguments, the court concludes that the Subpoenas
seek information that is not relevant to this case.  Defendants have failed to cite any authority for
the proposition that a surviving spouse's employment records are relevant in a wrongful death
action.  Further, the court agrees with Plaintiffs' assertion that there is no reliable or predictable
relationship between Sanders's earnings and the amount of financial support she received from
Price.  Additionally, while Defendants have stated in a conclusory fashion the purpose for
obtaining the information sought by the Subpoenas, they have failed to explain how that
information, if obtained, will achieve that purpose.  Finally, and most importantly, the
information sought by the Subpoenas is not relevant because damages in a wrongful death case
are determined based on the circumstances at the moment of death.  *See, e.g.*, *Petersen v.*
*DaimlerChrysler Corp.*, No. 1:06-cv-108-TC, 2011 U.S. Dist. LEXIS 66862, at *10 (D. Utah
June 22, 2011) ("[U]nder Utah law, damages for wrongful death are measured at the moment of
death and . . . changed circumstances occurring after death but before trial are irrelevant.").  At
the time of Price's death, Sanders's employment at A&H and DDR had terminated, and Sanders
did not obtain employment at RCS until months after Price's death.

Based on the foregoing, the court concludes that the Subpoenas should be quashed.
Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs' (1) motion to quash a subpoena duces

---

[7] Docket no. 22 at 5; docket no. 23 at 5; docket no. 24 at 5.

8

tecum served on A&H,[8] (2) motion to quash a subpoena duces tecum served on DDR,[9] and (3) motion to quash a subpoena duces tecum served on RCS[10] are all **GRANTED**.

>   **IT IS SO ORDERED**.

DATED this 13th day of February, 2012.

>   BY THE COURT:

>   PAUL M. WARNER
>   United States Magistrate Judge

---

[8]   *See* docket no. 15.

[9]   *See* docket no. 17.

[10]   *See* docket no. 19.