IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **MICHELLE SANDERS, individually as widow of DERRICK PRICE, deceased; MARLENE PRICE, individually as mother of DERRICK PRICE, deceased; and RALPH (JAY) PRICE, individually as father of DERRICK PRICE, deceased,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**YELLOW CAB DRIVERS ASSOCIATION, INC. dba YELLOW CAB, a Utah corporation; SARBJIT SINGH, individually; and DOES 1 through 20,**<br><br>**Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br><br>**Case No. 2:11-cv-595-CW-PMW**<br><br><br><br>**District Judge Clark Waddoups**<br><br>**Magistrate Judge Paul M. Warner** |

District Judge Clark Waddoups referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court are (1) Michelle Sanders, Marlene Price, and Ralph (Jay) Price's (collectively, "Plaintiffs") motion for leave to amend their complaint;[2] and (2) Yellow Cab Drivers Association, Inc. dba Yellow Cab and Sarbjit Singh's (collectively, "Defendants") motion to amend the scheduling order.[3] Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded

---

[1] *See* docket no. 21.

[2] *See* docket no. 26.

[3] *See* docket no. 28.

that oral argument is not necessary and will determine the motions on the basis of the written memoranda.  *See* DUCivR 7-1(f).  The court will address the motions in the order listed above.

### I.  Plaintiffs' Motion for Leave to Amend Complaint

Plaintiffs' motion for leave to amend their complaint is governed by rule 15(a)(2) of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 15(a)(2).  Under that rule, "[t]he court should freely give leave" to amend pleadings "when justice so requires."  *Id.*; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).  "A district court should refuse leave to amend only [upon] a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (quotations and citation omitted) (alteration in original).  The decision about whether to provide a party leave to amend pleadings "is within the discretion of the trial court."  *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quotations and citation omitted).

Under the liberal standard for granting leave to amend pleadings, the court concludes that Plaintiffs should be allowed to amend their complaint.  With respect to the factors the court should consider as grounds for denying Plaintiffs' motion, the court concludes that none of those factors exist in this case.

First, there was no undue delay in bringing the motion.  Plaintiffs brought their motion for leave to amend soon after discovering the reasons for their proposed amendment.  Furthermore, Plaintiffs brought their motion before the parties' agreed-upon deadline in the scheduling order for amending pleadings.  Second, Defendants have not argued that they will be prejudiced by the proposed amendment or that there has been any bad faith, dilatory motive, or failure to cure

deficiencies by amendments previously allowed on the part of Plaintiffs. Finally, Defendants have not convinced the court that Plaintiffs' proposed amendment would be futile.

For these reasons, Plaintiffs' motion for leave to amend their complaint is granted. Plaintiffs shall file their amended complaint within fourteen (14) days of the date of this order.

## II. Defendants' Motion to Amend the Scheduling Order

In this motion, Defendants seek a ninety-day extension of the remaining deadlines in the current scheduling order. Pursuant to rule 16(b)(4) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "District courts are properly granted broad discretion over discovery and scheduling matters . . . ." *King v. PA Consulting Group, Inc.*, 485 F.3d 577, 591 (10th Cir. 2007).

For the following reasons, the court concludes that good cause exists for extending the remaining deadlines in the current scheduling order. First, and most importantly, this court has a strong preference for resolving cases on the merits, rather than on procedural grounds. Allowing Defendants to conduct additional discovery will best serve that preference. Second, in light of the court's decision to allow Plaintiffs leave to amend their complaint, the court has determined that an extension of the current deadlines is appropriate. Third, while it appears that Defendants could have been more diligent in pursuing the discovery, the court is willing to accept in good faith Defendants' assertion that recently discovered information necessitates further discovery. Finally, the court is not persuaded by Plaintiffs' arguments concerning relevance and admissibility of the discovery sought by Defendants. With respect to relevance, the court has determined that the information sought by Defendants is indeed relevant to the claims and

defenses in this case and, therefore, is discoverable. *See* Fed. R. Civ. P. 26(b)(1). As for admissibility of the information, this court has noted in a prior order in this case that conclusions on discoverability have no bearing on future decisions concerning admissibility. Admissibility determinations will be made by the trial judge, if necessary, at the appropriate phase of the case.

Based on the foregoing, Defendants' motion to amend the scheduling order is granted. After entry of this order, the court will enter an amended scheduling order.

\* \* \* \* \*

In summary, **IT IS HEREBY ORDERED:**

1. Plaintiffs' motion to amend their complaint[4] is **GRANTED**. Plaintiffs shall file their amended complaint within fourteen (14) days of the date of this order.

2. Defendants' motion to amend the scheduling order[5] is **GRANTED**. After entry of this order, the court will enter an amended scheduling order.

**IT IS SO ORDERED**.

DATED this 17th day of February, 2012.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge

---

[4] *See* docket no. 26.

[5] *See* docket no. 28.